IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United Financial Casualty Company, | ) | C/A No.: 3:10-148-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Squire Bostic; Yvonne Bostic, a/k/a | ) | |
| Yvonne Nicole McAdams; John Nathan | ) | |
| Murphy, Jr.; Teresa Murphy; John | ) | |
| Nathan Murphy, Sr.; Mary Murphy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the plaintiff's motion for summary judgment. (ECF. No. 39). The plaintiff is seeking a declaration from this Court that it does not have a duty to provide liability coverage to Squire Bostic or Yvonne Bostic under a policy issued by the plaintiff. The Court held a hearing on February 14, 2011, and after considering the written materials submitted and the arguments of counsel, the Court grants the plaintiff's motion for summary judgment.

## I.     Factual and Procedural History

On September 11, 2006, Saul's Insurance Agency, an independent insurance agency in Columbia, South Carolina, sold an auto insurance policy for a commercial van. The policy was issued by the plaintiff, United Financial Casualty Company. The named insured on the policy was listed as "Squire Bostic and Yvonne Bostic d/b/a Bostics Professional Pain[ting]." Squire Bostic signed a "Named Driver Exclusion Election" and listed himself as an excluded

driver on the policy.[1]  Yvonne Bostic remained listed as an additional named insured, except there would be no coverage if a claim arose from the actions of the excluded driver.  At that time, Squire Bostic had only a learner's permit, not a driver's license.  He also checked a box on the form indicating that he already had other liability insurance which allowed him to operate vehicles, and he signed his name underneath.  However, further down in the same application, the answer "NO" was given to the question "Is Applicant currently insured?"  There is no evidence to suggest that Squire Bostic or Bostic Professional Painting had another liability insurance policy.

Yvonne Bostic, a/k/a Yvonne McAdams, was married to Squire Bostic at the time the policy was issued but divorced him in 2009.  She claims that she has never been known as "Yvonne Bostic" and does not know why her name appears on the policy this way.  She also claims that she and Squire were separated in 2006.  She admits to being with Squire at the insurance agency, but there is some dispute as to whether she was aware that she was being added as a named insured on the policy.

Neither William Sauls, the agency owner, nor Susan Martinez, the agent that met with the defendants, have any independent recollection of meeting with them.

On May 22, 2007, Squire Bostic was driving the van covered by this insurance policy and was involved in a collision with a car driven by John Nathan Murphy, Jr. with John

---

[1]All parties were unable to locate Squire Bostic for these proceedings.  He was never deposed, and, other than one phone conversation with counsel for the plaintiff, no party has been able to reach him.

Nathan Murphy, Sr. as the passenger. Murphy, Jr. and Murphy, Sr. were both injured and believe that Squire Bostic was at fault. They filed suits along with their wives in the Lexington County Court of Common Pleas. The plaintiff is seeking summary judgment to avoid providing a defense and indemnity coverage to Squire Bostic and Yvonne Bostic in the underlying cases.

## II.    Legal Standard

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)(2). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). A party "may not rely merely on allegations or denials in [his] own pleading; rather, [his] response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

"The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." Id.

3

### III.    Law and Analysis

The plaintiff argues that South Carolina's named insured exclusion statute, S.C. Code Ann. § 38-77-340, supports the denial of coverage to Squire Bostic and Yvonne Bostic.  To exclude a specific person from coverage, that section requires that a named insured must sign an agreement approved by the Department of Insurance, naming the excluded person, and declaring that the excluded person has either turned in his/her driver's license to the Department of Motor Vehicles or has another liability policy or other security in place.

In this case, Squire Bostic, as a named insured, executed the exclusion agreement for himself and represented that he had coverage through another insurance policy or other security.  However, he answered "NO" to the question that asked if the applicant was currently insured.

According to the evidence presented, the representation that Bostic had either another liability policy or other security was untrue, but the plaintiff argues that neither the agent nor the insurance carrier had any duty to investigate further even after Bostic indicated that the Applicant was not currently insured, which appears to be inconsistent with the earlier answer. The plaintiff argues that the statute does not require the agent to check and make sure that an excluded driver actually has other insurance.  Further, the agent who dealt with the Bostics, Susan Martinez, testified in her deposition that it is not unusual for a business owner to exclude himself on a commercial auto policy.

The plaintiff argues that the answers to the two questions are not inconsistent because

4

Squire Bostic signed after the first question, indicating that he personally had other insurance or security in place. The second question asked whether the applicant was currently insured, and it was answered "NO." However, the applicant was Bostics Professional Painting, not Squire Bostic. The plaintiff argues that it would not be unusual for a company to not have prior insurance on a new van, but that, regardless, the plaintiff or the company did not have a duty to investigate. The Court agrees and finds that this application meets the statutory requirements to exclude Squire Bostic as a driver from coverage. As a customer purchasing an insurance policy on his company car, he asked to be excluded from coverage, and the Court will honor his valid request.

Yvonne Bostic testified in her deposition that she was separated from Squire Bostic at the time this policy was purchased. She has also given inconsistent statements regarding her knowledge of being listed as a named insured on the policy. However, the Court does not find that these statements have any bearing on the present motion.

The Court finds that the "Named Driver Exclusion Election" completed by Squire Bostic is valid and complies with the requirements of S.C. Code Ann. § 38-77-340.

## IV.    Conclusion

Viewing the evidence in the light most favorable to the defendants, the Court finds that there are no genuine issues of material fact in this case and grants the plaintiff's motion for summary judgment. The plaintiff is not required to provide a defense or indemnity coverage to Squire Bostic or Yvonne Bostic in the underlying state actions.

IT IS SO ORDERED.

February 25, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge